```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUNIOR RAFAEL REYNOSO ORTEGA,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

23-CV-5502 (MKV)
20-CR-0606-1 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

Movant, currently incarcerated at FCI Fort Dix, brings this *pro se* motion under 28 U.S.C. § 2255, seeking a modification of his sentence entered in *United States v. Reynoso Ortega*, No. 20-CR-0606-1 (S.D.N.Y. Oct. 21, 2021). As set forth in this order, the Court denies the motion without prejudice to any future Section 2255 motion Movant may seek to bring.

**STANDARD OF REVIEW**

An individual incarcerated in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v.*

*United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On October 21, 2021, the Court sentenced Movant to 108 months' incarceration. *See United States v. Reynoso Ortega*, ECF 1:20-CR-0606, 38 (S.D.N.Y. Oct. 21, 2021). The Court did not include a term of supervised release because Movant faces removal following his term of incarceration. Movant alleges that because his sentence did not include such a term, he cannot earn good time credits under the First Step Act. He therefore asks that the Court modify his sentence to include a one-month term of supervised release.

## DISCUSSION

Section 2255 provides individuals, incarcerated pursuant to a federal conviction, "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" 28 U.S.C. § 2255(a). Such individuals may challenge a sentence "for constitutional error, lack of jurisdiction, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996)).

Movant does not challenge the constitutionality of his sentence but rather seeks a modification of his sentence. Any such request, however, must be raised in a motion brought under 18 U.S.C. § 3582(c).[1] Indeed, Movant has already filed such a motion, which remains pending. *See* Case No. 1:20-CR-0606, ECF No. 47.

---

[1] A sentencing court may modify a sentence:

    upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

Because this motion seeks modification of Movant's sentence, the Court construes the motion as brought under Section 3582. The allegations set forth in this motion will be addressed along with Movant's pending Section 3582 motion, filed in the criminal case, in due course. The Court dismisses the Section 2255 motion, without prejudice to any future Section 2255 motion Movant may seek to bring.

## **CONCLUSION**

The motion, filed under 28 U.S.C. § 2255, is dismissed without prejudice to any further Section 2255 motion Movant may seek to bring. Because the Section 2255 motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to terminate ECF No. 49 in the criminal action captioned 20-cr-606. The Clerk is further directed to close the civil action captioned 23-cv-5502.

**SO ORDERED.**

**Dated:   December 4, 2023**
        **New York, New York**

                                            **MARY KAY VYSKOCIL**
                                            **United States District Judge**

---

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c).